## BANKERS LIFE AND CASUALTY COMPANY, Plaintiff,

v.

## Carol M. SLATER, a/k/a Carol Marie Slater, Appellant,

Patricia J. Slater, a/k/a Patricia Jayne Slater, individually and in her capacity as guardian of Nathan E. Slater, a minor; Nathan E. Slater; Troy E. Slater, individually and in his capacity as personal representative of the estate of Terry Edward Slater, deceased; and the Estate of Terry Edward Slater, deceased, Respondents.

No. C0–88–1814.

Court of Appeals of Minnesota.

March 21, 1989.

Review Denied May 18, 1989.

---

John L. Weyland, Jensen, Weyland & McCloskey, P.A., Brooklyn Park, for appellant.

Bonnie M. Fleming, Thomas H. Bennin, Nancy G. Etzwiler, Faegre & Benson, Minneapolis, for respondents.

Heard, considered, and decided by FOLEY, P.J., and FORSBERG and MULALLY,* JJ.

## OPINION

FORSBERG, Judge.

Carol M. Slater, a/k/a Carol Marie Slater, appeals from a judgment denying her motion for summary judgment and granting summary judgment in favor of respondents Patricia J. Slater, a/k/a Patricia Jayne Slater, individually and in her capacity as guardian of Nathan E. Slater, a minor; Nathan E. Slater; Troy E. Slater, individually and in his capacity as personal representative of the estate of Terry Edward Slater, deceased; and the estate of Terry Edward Slater, deceased. She also appeals from an order denying her motion to vacate the judgment under Minn.R. Civ.P. 60.02. We affirm.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

In June 1987, Terry E. Slater, a Honeywell, Inc. employee, died in an accident while on a business trip. At the time of his death, he was insured by a group policy issued by Bankers Life and Casualty Company (Bankers Life).

Bankers Life commenced this interpleader action after competing claims were presented by appellant and respondents to the proceeds of this policy. After paying the policy proceeds of $275,700 to the court, Bankers Life was dismissed from this action.

Slater and his first wife, respondent Patricia J. Slater, were divorced in March 1982 after a 20–year marriage. They had two children, Troy E. Slater, who was an adult at the time of the divorce, and Nathan E. Slater, who was 12 years old at the time of the divorce. Under the terms of the dissolution decree, Slater was required to "keep in full force and effect for the benefit of the child [Nathan] the life insurance which was in effect on March 1, 1982." Among the policies of insurance in effect on that date was the Bankers Life policy, which was payable only upon Slater's death by accidental means while traveling on business.

In April 1983, Slater married his second wife, appellant Carol M. Slater. In May 1983, he executed a beneficiary designation form naming appellant as the beneficiary of certain Honeywell insurance benefits, including the Bankers Life policy. Slater's marriage to appellant was dissolved in September 1986. The couple had no children, and no insurance obligations were imposed on either party.

Respondents claim entitlement to the proceeds of the Bankers Life policy on the basis of the 1982 dissolution decree; appellant claims entitlement on the basis of Slater's designation of her as the beneficiary of the Bankers Life policy.

## ISSUES

1. Did the trial court err in determining that the Bankers Life policy is "life insurance" within the meaning of the terms of the 1982 divorce decree?

2. Did the trial court abuse its discretion in denying appellant's motion to vacate the judgment under Minn.R.Civ.P. 60.02?

## ANALYSIS

### I.

In reviewing a grant of summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The material facts are not in dispute in this case, and the only issue is whether the Bankers Life policy falls within the terms of the 1982 divorce decree. In an attempt to rephrase the issue, appellant argues that the threshold question is whether the Bankers Life policy was life insurance, and that the Bankers Life policy must first be examined without discussion of the 1982 divorce decree. Appellant's position would require us to ignore the facts and to analyze this case in a vacuum.

The 1982 divorce decree provided:

That [Slater] shall keep in full force and effect for the benefit of the child [Nathan] the life insurance which was in effect on March 1, 1982.

That [Slater] shall not pledge or encumber said policies of insurance.

The trial court found that this provision was unambiguous and that it governed all insurance policies in effect on March 1, 1982, which insured Slater's life. The court further found that the Bankers Life policy was "life insurance" within the meaning of the decree, and that the decree prevails over Slater's later attempt to designate appellant as his beneficiary.

Appellant argues that the Bankers Life policy must be classified as accidental death insurance, and not life insurance. She asserts that there is a distinction between a life policy, where death is the contingency insured against, and an accident policy, where the accident is the contingency insured against. She argues that such a distinction is drawn not only by caselaw and authorities in the insurance

area, but is illustrated by the fact that there are separate chapters in Minnesota Statutes for life insurance, Minn.Stat. ch. 61A, and accident and health insurance, Minn.Stat. ch. 62A.

While technically correct, appellant's arguments are not relevant to the issue presented here, which is whether the Bankers Life policy is "life insurance" within the narrow confines of the 1982 divorce decree. Understood in its common meaning, the term "life insurance" as used in the 1982 divorce decree includes the Bankers Life policy because it was payable upon Slater's death. The fact that the Bankers Life policy was payable only upon death by certain causes is irrelevant to its classification as "life insurance" under the 1982 divorce decree.

Appellant further notes that Slater was only covered by the Bankers Life policy while he was a Honeywell employee, and that he could not have been compelled to keep that policy in effect, as required by the 1982 divorce decree. However, the decree merely prohibited Slater from pledging or encumbering the policies in effect on March 1, 1982; it did not require him to retain his employment for that purpose.

Finally, divorce decrees often contain provisions requiring a party to purchase and maintain life insurance for the benefit of his or her children. Although we do not believe that the purchase of an accidental death policy would necessarily comply with this type of a provision, such a determination would require examination of the terms of the decree at issue and application of those terms to the facts of the particular case. *See Ferguson v. Owens,* 9 Ohio St.3d 223, 226, 459 N.E.2d 1293, 1296 (1984) (although accidental death and dismemberment insurance policy technically failed to comply with terms of divorce decree requiring father to maintain $100,000 worth of life insurance for the benefit of his children, matter remanded to determine parties' intent).

## II.

Minn.R.Civ.P. 60.02 provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud * * *, misrepresentation, or other misconduct of an adverse party[.]

Appellant argues that because a "critical" piece of evidence was "concealed" from her, she is entitled to relief under rule 60.02. That piece of evidence consists of a letter from Bankers Life to respondents' attorney which stated that the Bankers Life policy "is not 'life insurance' but is for accidental death insurance."

Appellant claims fraud, misrepresentation, or other misconduct based on the fact that respondents failed to produce the letter in response to her discovery request for "statements," and that the trial court was therefore mislead as to the facts of the case. We disagree. There is little likelihood that the trial court was misled by the absence of this piece of evidence. It has always been understood that an insurance company would not label the Bankers Life policy as "life insurance," and that the critical issue has always been whether the Bankers Life policy was nonetheless "life insurance" under the terms of the 1982 divorce decree. As such, the facts were fully and accurately portrayed to the trial court.

Appellant also insists that the letter constitutes newly discovered evidence warranting vacation of the judgment. Again, we disagree. In order for relief from a judgment to be granted on the basis of newly discovered evidence, the evidence must be relevant and likely to have an effect on the result of the case, and must be such that with reasonable diligence it could not have been found. *See Regents of the University of Minnesota v. Medical, Inc.,* 405 N.W.2d 474, 479 (Minn.Ct.App. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 495, 98 L.Ed.2d 494 (1987). It is unlikely that the evidence at issue here would have had an effect on the decision reached by

the trial court; the letter merely expresses the opinion of Bankers Life, and has little bearing on the plain meaning of the 1982 divorce decree.

## DECISION

The trial court's grant of summary judgment to respondents is affirmed.

The trial court's denial of appellant's motion to vacate the judgment is affirmed.

Affirmed.